# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: February 23, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| AMY LYNN GIBSON, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 18-263V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Bridget C. McCullough*, Muller Brazil LLP, Dresher, PA, for petitioner.
*Lara A. Englund*, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 23, 2020, Amy Lynn Gibson ("petitioner"), filed a motion for final attorneys' fees and costs ("Fees App.") (ECF No. 107). For the reasons discussed below, I **GRANT** petitioner's motion and award a total of **$32,999.74.**

### I.    Procedural History

On February 20, 2018, petitioner filed a petition for compensation within the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she suffered from Bell's Palsy as a result of an influenza ("flu") vaccine received on October 3, 2016. Petition (ECF No. 1).

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the decision will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id*. **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On February 7, 2019, respondent filed his report pursuant to Vaccine Rule 4(c) in which he recommended against compensation of petitioner's claim. Respondent specifically averred that petitioner had not established that the flu vaccine was the cause in fact of her Bell's palsy and she had not ruled out that her Bell's palsy was instead caused by an intervening sinus infection. *See* Respondent's ("Resp.") Report (ECF No. 15) at 6-7.

Subsequently on August 5, 2019, petitioner filed the expert report of Frederick Nahm. M.D. Pet. Ex. 11 (ECF No. 21). On October 29, 2019, respondent filed responsive reports from two experts. Resp. Exs. C, D (ECF No. 29). Following a Rule 5 status conference on January 6, 2020, *see* Rule 5 Order (ECF No. 32), the parties advised that they had reached a tentative settlement agreement, *see* 15-Week Order (ECF No. 41). On July 30, 2020, respondent filed a stipulation awarding compensation to petitioner in the amount of $51,000.00 (ECF No. 44), which I incorporated into my decision issued the same day. Decision (ECF No. 45).

On November 23, 2020, petitioner filed the present motion which requests $19.283.70 in attorneys' fees and $13,716.04 in attorneys' costs for a total request of $32,999.74. Fees App. (ECF No. 51). In accordance with General Order #9, petitioner filed a signed statement that she has not incurred any fees or costs related to the prosecution of the petition. Pet. Statement (ECF No. 50). On November 24, 2020, respondent filed a response indicating that he is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case and that he defers to the Court's discretion to determine a reasonable amount to be awarded. Resp. Response (ECF No. 52). Petitioner did not file a reply. This matter is ripe for adjudication.

## II. Legal Standard

The Vaccine Act provides that in the event that a petition results in compensation, the special master "shall" also award reasonable attorneys' fees and costs incurred in any proceeding on such petition. 42 U.S.C. § 300aa-15(e)(1). Here, as petitioner was awarded compensation pursuant to a stipulation, she shall also receive an award of attorneys' fees and costs.

The Federal Circuit has approved the use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.,* 515 F. 3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines the reasonable hourly rate, which is then applied to the number of hours reasonable expended on the litigation. *Id.* at 1347-58 (citing *Blum v. Stenson,* 465 U.S. 886, 888 (1984)).

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id*. at 484 n.1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99-537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008). Special masters may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the

billing records is not required. *Wasson*, 24 Cl. Ct., *aff'd in relevant part*, 988 F.2d 131 (Fed Cir. 1993) (per curiam).

### III. Analysis

#### A. Attorneys' Costs

Petitioner requests hourly rates for attorneys Bridget McCullough and Maximilian Muller, as well as numerous paralegals and one registered nurse employed by Muller Brazil LLP, for work performed in 2016 – 2020. Pet. Fee App. at 2-3. I and other special masters have previously awarded these rates and I find that they are reasonable for the work documented in the instant motion.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries reasonably and accurately describe the work performed and the length of time it took to perform each task. Moreover, respondent has not identified any particular entries as being objectionable. Therefore, petitioner is entitled to final attorneys' fees of $19.283.70.

#### B. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Here, petitioner requests attorneys' costs in the amount of $13,716.04, which includes the costs of obtaining medical records, postage, and the filing fee. Fees App. at 12. The majority of these costs are associated with locating and consulting with two experts. *Id.* First, petitioner's counsel requests reimbursement for Daniel DiCapua, M.D.'s devotion of one hour, billed at $500.00, to briefly review and discuss the claim. *Id.* at 25. Second, petitioner's counsel requests reimbursement for Frederick Nahm, M.D., Ph.D. to review the case more thoroughly and write a report supporting vaccine causation of petitioner's Bell's palsy and rebutting the potential alternative cause of an intervening sinus infection. Dr. Nahm's requested rate is $500.00 per hour. *Id.* at 17. He expended just under twenty (20) hours on the claim, for a total request of $9,880.00. *Id.* at 27-28. Having reviewed Dr. Nahm's report, which facilitated informal resolution of this claim, I find that his requested rate and hours expended are appropriate. Petitioner has also provided adequate supporting documentation for all of the costs. I find no cause for adjustment. Accordingly, petitioner is awarded the total request of $13,716.04.

### IV. Conclusion

In accordance with the above, petitioner's motion for attorneys' fees and costs is **GRANTED**.

**Accordingly, I award a lump sum in the amount of $32,999.74, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney Ms. Bridget C. McCullough.[3]**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by

3

      In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).